## EX PARTE CALVIN WILEY.

No. 25,898. June 11, 1952.

Hon. Clarence Ferguson, Judge Presiding.

*H. L. Williford* and *Hugh D. Reed, Jr.,* Fairfield, and *Ellen Victery,* Teague, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The relator herein had plead guilty to a charge in the county court and thereafter filed an application with the judge of the district court seeking his release from the custody of the sheriff, to whom he had been committed by the judgment entered on his plea of guilty.

The sole ground for the relief sought is based on the contention that the county court was not, at the time of the trial, in session.

The record shows that the commissioners' court had, in 1927, fixed four terms for the county court, beginning on the first Mondays in March, June, September and December and continuing for a period of three weeks. In 1941 another order was entered for the express purpose of creating four additional terms of court which, according to our interpretation, begin on the Monday following the close of each of the terms fixed in 1927, and continue until the Saturday preceding the beginning of the next term. Our basis for this is contained in the following language taken from the order of 1941:

"It is the order of the Commissioner's Court that in addition to the four regular terms of the County Court for civil and criminal business beginning on the First Mondays in March, June, September, and December and continuing three weeks as heretofore established by the Commissioner's Court, that the following terms for the dispatch of criminal business only, be and they are hereby provided for as follows: Beginning on the fourth Monday in March and continuing through Saturday, before the *fourth* Monday in June. * * *. This order establishing additional terms of the County Court for the dispatch of criminal business shall be effective on October 20, 1941, and continuing through Saturday before the first Monday in December. Thereafter, the terms of the County Court for the dispatch of criminal cases only, shall begin on the fourth Mondays in March, June, September and December, as heretobefore provided."

The argument is presented that the concluding sentence from the above quoted order fixes the starting period of the four additional terms, but that it does not fix any length for each term. Based on this construction of the language to be given to the order it is further contended that the Texas Constitution would fix the terms at three weeks each and that the term fixed beginning on the fourth Monday in March, of 1952, would expire at the end of three weeks, which was prior to the 22nd day of April, the date appellant plead guilty.

We do not so construe the order. A portion of the copied part says beginning on the fourth Monday in March and continuing through Saturday before the *"fourth"* (evidently a miscopy for "first") Monday in June. This seems perfectly clear.

The last sentence in the order may be eliminated entirely and still the order will be complete. The fact that a part of the order is repeated will not serve to eliminate that which is definitely stated but not repeated.

We think the order of the district judge denying the relief prayed for was properly entered and the judgment of the trial court is affirmed.